**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 17-1292**

JOHN R. ZSIGRAY,

Plaintiff - Appellant,

v.

COUNTY COMMISSION OF LEWIS COUNTY, WEST VIRGINIA; LEWIS COUNTY SHERIFF'S DEPARTMENT; JAMES H. MCATEE,

Defendants - Appellees.

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. John Preston Bailey, District Judge. (2:16-cv-00064-JPB)

Submitted: August 21, 2017                    Decided: January 12, 2018

Before GREGORY, Chief Judge, and AGEE and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

William B. Summers, SUMMERS & ASSOCIATES, Parkersburg, West Virginia, for Appellant. Sylvester A. Hill, Jr., CIPRIANI & WERNER, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John R. Zsigray appeals the district court's order dismissing his 42 U.S.C. § 1983 (2012) action pursuant to Fed. R. Civ. P. 12(b)(6). We affirm.

Zsigray alleged in his complaint that, as he was leaving a courthouse in Lewis County, West Virginia, Defendant McAtee, a security officer, grabbed him and shoved him against a wall. Zsigray asserted that McAtee's actions were unjustified and violated both his federal constitutional rights and state law. Notably, Zsigray stated several times in his complaint that a video recording of the incident supported his version of the facts.

The district court granted the Defendants' motion to dismiss. The court reviewed the video and described it in considerable detail in its order. The court observed that, contrary to the allegations in the complaint, Zsigray and McAtee had no "semblance of a physical altercation." The court's conclusion that McAtee failed to state a claim for relief was based primarily on its review of the video.

Zsigray contends on appeal that the district court erred by considering the video when it ruled on the motion to dismiss. However, "in reviewing a Rule 12(b)(6) dismissal, we are not confined to the four corners of the complaint." *United States ex rel. Oberg v. Pennsylvania Higher Educ. Assistance Agency,* 745 F.3d 131, 136 (4th Cir. 2014). "We may also consider [materials] incorporated into the complaint by reference . . . so long as they are integral to the complaint and authentic." *Id.* (internal quotation marks and citation omitted). We review de novo a dismissal under Rule 12(b)(6). *Woods v. City of Greensboro*, 855 F.3d 639, 646 (4th Cir. 2017).

2

We hold that the district court's consideration of the video was permissible. The video, to which Zsigray referred several times to authenticate his version of events, was integral to the complaint. Further, the authenticity of the video was not in question.

We therefore affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before us and argument would not aid the decisional process.

*AFFIRMED*

3